# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LARRY DARNELL YOUNG**,

        Petitioner,

v.

**FREDERICK ENTZEL, Warden,**

        Respondent.

**Civil Action No. 3:19-CV-21 (GROH)**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On February 19, 2019, the *pro se* Petitioner, a federal inmate,[1] filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Petition"), challenging the validity of his sentence imposed by the District Court for the Southern District of Illinois. ECF No. 1.[2] Attached to the petition was a six-page memorandum of law in support thereof. ECF No. 1-1.

This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to Local Rules of Prisoner Litigation Procedure ("LR PLP") 2 and 28 U.S.C. § 1915A.

---

[1] Petitioner filed the instant Petition while housed at Federal Correctional Institution ("FCI") Hazelton, and has subsequently been transferred to FCI Elkton. ECF Nos. 1, 8.

[2] ECF Numbers cited herein refer to Case No. 3:19-CV-21, unless otherwise noted.

## II. **FACTUAL AND PROCEDURAL HISTORY**[3]

### A. Conviction and Sentence

On November 17, 2010, in the Southern District of Illinois, a one-count Indictment was returned against Petitioner in Case No. 3:10-CR-30202. ECF No. 1. On May 13, 2011, pursuant to a written plea agreement, Petitioner entered a plea of guilty to Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), as charged in Count 1 of the Indictment. ECF Nos. 26, 29.

On September 2, 2011, the Southern District of Illinois sentenced Petitioner to "240 months on Count 1, to run concurrently to the term of imprisonment imposed for the supervised release violation in case number 3:99-CR-30190." ECF No. 39 at 2. At sentencing, Petitioner was designated a career offender under United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 4B1.1 based on his prior state conviction for Robbery (Case No. 89-CR-4070 (Ohio)) and his prior federal conviction for Conspiracy to Distribute and to Possess with Intent to Distribute Cocaine Base (Case No. 3:99-CR-30190 (S.D. Ill.)). Case No. 3:19-CV-21 (N.D. W. Va.), ECF No. 1-2 at 2, 3.

### B. Direct Appeal

Petitioner did not directly appeal his conviction or sentence. ECF No. 1 at 3.

---

[3] Unless otherwise noted, the CM/ECF references in sections II.A. and II.C. refer to entries in the docket of Petitioner's Criminal Case No. 3:10-CR-30202 in the United States District Court for the Southern District of Illinois, available on PACER. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

**C. Motions to Vacate, Appeals Thereof, and Other Motions for Relief**

On June 20, 2013, Petitioner filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence, which Motion was docketed as a separate action. Case No. 3:31-CV-591 (S.D. Ill.), ECF No. 1. The government filed a response in agreement with Petitioner on July 19, 2013. Case No. 3:31-CV-591 (S.D. Ill.), ECF No. 5. On August 30, 2013, the District Court, presiding over both Petitioner's criminal and civil cases, granted the § 2255 Motion, pursuant to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. ECF No. 49. An amended judgment was then filed on January 13, 2014, in Petitioner's Criminal Case No. 3:10-CR-30202, resentencing him to "166 months as to Count 1, to run concurrently with the term of imprisonment imposed for the supervised release violation in case number 3:99-CR-30190." ECF No. 58 at 2. A review of the docket and PACER in Petitioner's Criminal Case No. 3:10-CR-30202 reveals that Petitioner did not directly appeal the amended judgment.

### III. LEGAL STANDARDS

**A. Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's LR PL P, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. *Pro Se* Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction. By

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

4

contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[5] (2) the prohibition against successive petitions, or (3) a

---

[5] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[6] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

---

[6] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

6

>  (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

In support of the instant § 2241 Motion before this Court, Petitioner asserts as his sole ground for relief that his sentence was "based on an erroneous career offender designation" under the post-Booker[7] advisory Guidelines, and that he is thereby "entitled to relief under Wheeler." ECF No. 1 at 5. For relief, Petitioner asks this Court to vacate his sentence as a career offender and that a sentence of time served be imposed. Id. at 8. Because Petitioner fails to demonstrate that a § 2255 Motion is "inadequate or ineffective" for the reasons discussed below, he fails to satisfy the § 2255(e) savings clause, and the instant § 2241 Petition should be dismissed.

---

[7] United States v. Booker, 543 U.S. 220 (2005).

7

To invoke the savings clause under § 2255(e) in order to challenge a sentence, a prisoner must demonstrate that relief pursuant to § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255. Relief pursuant to § 2255 is not "inadequate or ineffective" in this case for two reasons.

First, Petitioner's failure to timely file a second-in-time initial § 2255 Motion[8] after the intervening amended judgment became final does not make a § 2255 Motion "inadequate or ineffective." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192. Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), a one-year limitation applies to initial motions brought under 28 U.S.C. § 2255(f). This one-year period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by the government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[8] The undersigned construes the instant § 2241 Motion as the Petitioner's second-in-time initial § 2255 Motion following his resentencing. While a second-in-time § 2255 Motion is typically regarded as a "second or successive" petition under 28 U.S.C. § 2255(h), the United States Court of Appeals for the Fourth Circuit has held that "'the phrase *second or successive* must be interpreted with respect to the judgment challenged,' and where 'there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not *second or successive* at all." In re Gray, 850 F.3d 139, 141 (4th Cir. 2017) (quoting Magwood v. Patterson, 561 U.S. 320, 333, 341–42 (2010)) (internal quotation marks omitted) (emphasis added). Because Petitioner was successful on his first-in-time initial § 2255 Motion [Case No. 3:31-CV-591 (S.D. Ill.), ECF No. 6] and resentenced thereafter, Petitioner had the right, but failed, to file a second-in-time initial § 2255 Motion after his resentencing—the intervening amended judgment in Criminal Case No. 3:10-CR-30202 (S.D. Ill.) [ECF No. 58]. Petitioner filed this § 2241 Motion never having brought a second-in-time initial § 2255 Motion challenging his resentencing.

8

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In evaluating the timeliness of the instant Motion under the factors outlined in 28 U.S.C. § 2255(f), the undersigned notes that Petitioner was designated as a career offender at his original sentencing in 2011. Further, Petitioner makes no argument that he was prevented from filing his motion based on governmental action, nor does he allege that he is relying on a right newly recognized by the Supreme Court made retroactive to cases on collateral review or that the claims presented were not earlier known.[9] Therefore, subsections 28 U.S.C. § 2255(f)(2), (f)(3), and (f)(4) are not applicable to this case; thus, the relevant provision is the date on which Petitioner's intervening amended judgement of conviction became final pursuant to subsection (f)(1).

Petitioner had one year from the date the intervening amended judgment became final,[10] or until January 27, 2015, to file a timely § 2255 Motion. See In re Gray, 850 F.3d 139 (4th Cir. 2017). However, Petitioner in this case did not file the instant § 2241 Motion until February 19, 2019, more than four years after the one-year statute of limitations had expired. Therefore, construing the instant § 2241 Motion as a second-in-

---

[9] Petitioner relies on United States v. Whitley, 737 Fed. Appx. 147 (4th Cir. 2018), in arguing that his career offender designation was erroneous on the grounds that Whitley held a 21 U.S.C. § 846 conviction is not a controlled substance offense so as to sustain a career offender designation. ECF No. 1-1. However, Whitley is not a Supreme Court opinion as contemplated under 28 U.S.C. § 2255(f)(3). Furthermore, this claim fails under § 2255(f)(3) unless and until the United States Supreme Court recognizes the Fourth Circuit holding in Whitley.

[10] When a prisoner does not file a notice of appeal, the judgment becomes final when the time for seeking such review expires. Clay v. United States, 537 U.S. 522 (2003). Petitioner's intervening amended judgment order was entered on January 13, 2014. Case No. 3:10-CR-30202 (S.D. Ill.), ECF No. 58. Petitioner declined to pursue an appeal thereafter, hence his amended sentence became final for the purposes of § 2255(f)(1) on January 27, 2014, fourteen days after the intervening amended judgment of conviction was entered. See Clay, 537 U.S. at 525.

time initial § 2255, this Motion is time barred and Petitioner is not entitled to relief under the § 2255(e) savings clause. See In re Vial, 115 F.3d at 1194, n.5.

Second, even if Petitioner could overcome the tardy filing, he cannot meet the Wheeler test to satisfy the requirements of the § 2255(e) savings clause. Under Wheeler, Petitioner must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear the challenge to his sentence on the merits. In this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).

In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory. Id. at 714. However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[11] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s

---

[11] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced as a career offender under the post-Booker, advisory Guidelines, regardless of whether this might have been a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

In sum, the instant § 2241 Motion is time barred if construed as an initial § 2255 Motion, and fails the Wheeler test if construed otherwise. Accordingly, Petitioner has not satisfied the § 2255(e) savings clause and his claim for relief may not be considered on the merits because this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: June 19, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE